UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHU HAND,<br><br>    Plaintiff,<br><br>  vs.<br><br>MANAGEMENT AND TRAINING<br>CORPORATION, et al.,<br><br>    Defendants. | **1:20-cv-00819-GSA (PC)**<br><br>**ORDER FOR CLERK TO RANDOMLY<br>ASSIGN A UNITED STATES DISTRICT<br>JUDGE TO THIS CASE**<br><br>  **AND**<br><br>**FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT THIS CASE<br>BE DISMISSED, WITH PREJUDICE,<br>FOR FAILURE TO STATE A CLAIM**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN<br>(14) DAYS** |

## I.  BACKGROUND

  Jehu Hand ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  On June 12, 2020, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On January 7, 2021, Plaintiff filed the First Amended Complaint as a matter of course.  (ECF No. 9.)  On January 19, 2022, the court screened the First Amended Complaint and issued an order dismissing it for failure to state a claim, with leave to amend.  (ECF No. 17.)  On February

2, 2022, Plaintiff filed the Second Amended Complaint, which is now before the court for screening.  (ECF No. 18.) 28 U.S.C. § 1915.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### Plaintiff's Opposition to the Court's Screening

On January 19, 2022, the court screened Plaintiff's First Amended Complaint and dismissed it for failure to state a claim.  (ECF No. 17.)  Plaintiff contends that the court was not required to screen the First Amended Complaint under 28 U.S.C. § 1915A(a), because he was not seeking relief against a governmental entity or officer or employee of a governmental entity.  Because the sole defendant in this case is Management & Training Corporation, a private corporation and not a governmental entity, officer, or employee thereof, Plaintiff concludes that the Court lacked jurisdiction to dismiss the First Amended Complaint, and therefore the court's prior screening order (ECF No. 17) is void.

Plaintiff is mistaken.   While 28 U.S.C. § 1915A(a) is not applicable here, the Court is nevertheless required to screen Plaintiff's complaint under 28 U.S.C. § 1915(e) because Plaintiff is proceeding *in forma pauperis*.  Under § 1915(e), the court must dismiss any action filed *in forma pauperis* that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B).  This screening requirement applies to all of Plaintiff's complaints  in this case while he is proceeding *in forma pauperis*.  Therefore, the court's prior screening order is not void, and the court is required to screen Plaintiff's Second Amended Complaint.

### III.   CONTRACT BETWEEN MTC AND TCI

Plaintiff alleges that MTC operated TCI under written contract with the BOP.  A copy of the contract, as redacted by the BOP and provided to Plaintiff in connection with a Freedom Of Information Act request litigated in Plaintiff's case 1:20-cv-03692-TJK, is attached to the Second Amended Complaint as Exhibit 1.  (ECF No. 18 at 22-210.)

Plaintiff alleges that the BOP is charged under 18 U.S.C. § 4042 with 'the management and regulation of all Federal penal and correctional institutions," with the "safekeeping, care, and subsistence" and with the "instruction" of all federal prisoners.  The BOP delegates those duties, and others set forth in applicable federal regulations found in 28 C.F.R. § 500 et seq.

Plaintiff contends that he is a third-party beneficiary of the contract between BOP and MTC and he may sue for breach of contract.  Citing <u>Correctional Services Corporation v. Malesko</u>, 534 U.S. 61 (2001), Plaintiff asserts that the Supreme Court has recognized that federal inmates serving their sentences in private prison facilities have the right to sue the private prison operator for negligence in medical matters, and to sue the federal courts for injunctive and other relief for violations.  Plaintiff contends that since private prison contracts in effect delegate the BOP's duties, the contract between BOP and MTC made MTC subject to the BOP's obligations to federal prisoners under the United States Constitution and federal statutes, and that the contract contains several express provisions to the effect it is for the benefit of Taft inmates.

### IV.   SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently out of custody.  The events at issue in the Second Amended Complaint allegedly occurred when Plaintiff was incarcerated at Taft Correctional Institution (TCI) in Taft, California.  During the relevant time period, Management & Training Corporation (MTC) operated TCI, a federal penal facility, under written contract with the federal Bureau of Prisons (BOP).  Plaintiff names MTC as the sole Defendant in the Second Amended Complaint. (ECF No. 18 at 2:14.)[1]

---

[1] However, Plaintiff also states later in the Second Amended Complaint that he is suing Doe Defendants 1 through 10.  (ECF No. 18 at 3:5.)

At the time of filing the First Amended Complaint, Plaintiff was a citizen of the state of Florida.  Defendant MTC is a private corporation headquartered in Centreville, Utah and upon information and belief, incorporated in a state other than California.  Plaintiff's suit herein is for more than $75,000.00 and this court has jurisdiction over this proceeding under the Court's diversity jurisdiction.

A summary of Plaintiff's allegations in the Second Amended Complaint follows:

Plaintiff was incarcerated at TCI from February 27, 2019 to April 17, 2020.  He was known to be a "troublemaker" because when Correctional Officer (C/O) Montez ordered him to sign an attestation that he had attended a safety meeting (required by Federal and California OSHA), he refused to sign the attestation because no meeting had taken place.  He also reported theft of government property (food) from the kitchen to C/O Montez.  Montez not only did not discipline the thief, Montez reported Plaintiff's whistleblowing to the Paisa Mexican gang, resulting in retaliation against Plaintiff by members of that gang assisted by TCI staff members.

In June 2019, due to the retaliation by the Paisa gang, Plaintiff made a formal request to be evaluated for transfer to a halfway house.  His request was based on highly technical psychological information and would require evaluation by TCI's resident psychologist.  Plaintiff's request was denied, and Plaintiff learned from Dale Patrick that MTC had a policy of noncompliance with other BOP policies on custody classification.  Plaintiff filed a § 2241 petition in the Eastern District, which is pending.

In December 2019, Plaintiff alleges that MTC also breached its contract with BOP in denying Plaintiff three books about computer software, claiming that the books encouraged criminal activity.  Plaintiff disagrees with the denial and asserts that BOP Program Statement 1237.16, § 14, expressly provides that inmates may receive instruction in the theory of software development.

In February 2020, after the BOP announced that only "approved" classes would qualify as "productive activities" under the FSA, Plaintiff requested that TCI's Education Department add five of the BOP's approved classes.  Warden Merlak rejected Plaintiff's request, falsely alleging that Plaintiff's request was an abuse of the administrative remedy process.

Thereafter, the Covid-19 pandemic arrived.  On March 26, 2020, the Attorney General issued a memorandum under the CARES Act authorizing Wardens to release inmates who were elderly or those with health conditions particularly vulnerable to serious injury or death from Covid, such as asthma, high blood pressure, diabetes, or obesity under guidelines of the Center for Disease Control and Prevention (CDC).  Plaintiff met all of the standards for immediate release to home confinement, but Unit Manager Logan refused to consider his request.  Plaintiff was 63 years old and with a BMI of 31 was obese under CDC guidelines.

The first three inmates to be called for release were under sixty years old, in robust health, and wealthy.  On information and belief, Plaintiff alleges that those three inmates, Bergstein, Schwartz, and D'Antonio, provided or promised to provide financial benefits in order to be released, while they were in fact ineligible for release.  MTC officers, including Merlak (Warden), C/O Logan, and Ms. Georgina Puentes (Associate Warden) ignored Plaintiff's eligibility in retaliation for his exercise of his rights under law and under MTC's contract with the BOP.

MTC's contract required MTC to uphold BOP's obligations to federal prisoners under the United States Constitution and federal statutes.  BOP policies require prisons to provide prisoners access to their legal files by access to CD-ROMs provided by the prisoner's legal counsel.  While incarcerated at TCI, Plaintiff was preparing the appeal of his criminal conviction and needed to review approximately 400,000 pages of legal documents.  MTC refused to permit Plaintiff to receive a CD-ROM.  MTC policy would only allow such documents to be provided in paper form, which was impractical for Plaintiff since the cost to print such documents would exceed $50,000.00.  Plaintiff requested a reasonable accommodation, which was denied. Plaintiff then filed a habeas corpus action to obtain the requested relief, but his petition was not heard before he was transferred out of TCI in April 2020.  Because MTC disregarded its obligations under the contract with the BOP, Plaintiff was unable to properly complete the brief for his appeal, which was due on May 1, 2020.

Plaintiff also believes that the BOP and Warden Merlak misconstrued certain provisions of the First Step Act of 2018 to Plaintiff's detriment.  TCI's electronic law library was not updated

to include new BOP regulations.  Contrary to BOP regulations incorporated by reference in MTC's contract, TCI did not provide notice to inmates of the Federal Register publication of proposed and final BOP regulations, which is required by Program Statement 1315.07, Inmate Legal Activities.  Plaintiff filed a declaratory relief action in the Eastern District, which was dismissed.  Plaintiff believes he might have been able to prevail on the government's motion to dismiss if the library materials had been properly updated and he had the current Federal Register materials.

As relief, Plaintiff seeks monetary damages believed by Plaintiff to exceed $75,000.00.

## V.   PLAINTIFF'S CLAIMS

### A.   <u>Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction, <u>Her Oceans v. Cmty. Outreach Behav. Servs., Inc.</u>, No. 1:21-CV-00198-DCN, 2021 WL 3172914, at *2 (D. Idaho July 27, 2021), and the party asserting jurisdiction has the burden of proving all jurisdictional facts, <u>Indus. Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing <u>See</u> <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); <u>Fenton v. Freedman</u>, 748 F.2d 1358, 1359, n. 1 (9th Cir. 1984)).

There are two types of subject matter jurisdiction: diversity jurisdiction and federal question jurisdiction. <u>Her Oceans</u>, 2021 WL 3172914 at *2.  Diversity jurisdiction exists "where the matter in controversy exceeds the sum of $75,000 . . . and is between citizens of different states."  U.S.C. 28 § 1332.  Federal question jurisdiction exists when a matter arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Plaintiff claims that diversity jurisdiction exists in this action.  However, Plaintiff's claims appear to arise under federal law because the BOP, a federal agency, is party to the contract at issue in this case.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by

the "well-pleaded complaint rule." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Id</u>.

While certain contracts can give rise to federal question jurisdiction, those scenarios are limited to circumstances where the right invoked by the contract at issue is a "creation[] of federal law," or where the contract is authorized or required by federal law. <u>Id</u>. (citing <u>Ins. Corp. v. Monroe Bus Corp.</u>, 491 F. Supp. 2d 430, 434-36 (S.D.N.Y. 2007)). Here, Plaintiff claims that his rights were violated because a contract between MTC and BOP was breached. These claims appear to arise under federal law because the BOP, a federal agency, is party to the contract with MTC, which Plaintiff alleges requires MTC to abide by policy and procedures of the BOP in managing TCI. In Plaintiff's amended complaint he attaches a purported copy of the contract (with some redactions) between the BOP and MTC. In that contract, incorporated by reference, are three significant sections of Title 48 of the Code of Federal Regulations, to wit: 1- section 52.233-4, which states that the applicable law for a breach of contract is United States law, 2- section 52-233-1 setting forth how disputes arising from the contract will be resolved, and 3- section 52-249-8, entitled default (fixed price-supply and services). Each is these sections appear to be authorized by Title 41 USC 7101-7109, entitled Public Contracts. Thus, as pled, the court finds that Plaintiff's Second Amended Complaint establishes that federal law and federal common law govern this action (it should be noted that after a brief examination of the attached contract the court did not find a provision which sets forth a different choice of law provision for resolution of breach of contract claims).

### B.   <u>Bivens Claims</u>

A <u>Bivens</u> action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. <u>Hartman v. Moore</u>, 547 U.S. 250, 126 S.Ct. 1695 (2006). The basis of a <u>Bivens</u> action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. <u>Baiser v. Department of Justice, Office of U.S. Trustee</u>, 327 F.3d 903, (9th Cir. 2003). "To state a claim for relief under <u>Bivens</u>, a plaintiff must allege that a federal officer deprived him of his constitutional rights." <u>Serra v. Lappin</u>, 600 F.3d

1191, 1200 (9th Cir. 2010) (citing <u>see</u> <u>Shwarz v. United States</u>, 234 F.3d 428, 432 (9th Cir. 2000). A <u>Bivens</u> claim is only available against officers in their individual capacities.  <u>Morgan v. U.S.</u>, 323 F.3d 776, 780 n.3 (9th Cir. 2003); <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996).  "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under <u>Bivens</u>."  <u>O'Neal v. Eu</u>, 866 F.2d 314, 314 (9th Cir. 1988).  Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

Relief under <u>Bivens</u> does not encompass injunctive and declaratory relief where the equitable relief sought requires official government action.  <u>Solida v. McKelvey</u>, 820 F.3d 1090, 1093-94 (9th Cir. 2016).  <u>Bivens</u> is both inappropriate and unnecessary for claims seeking solely equitable relief against actions by the federal government; by definition, <u>Bivens</u> suits are individual capacity suits and thus cannot enjoin official government action.  <u>Id.</u> at 1094-95.

**<u>Discussion</u>**

Plaintiff brings claims for retaliation under the First Amendment, due process under the Fifth Amendment, and fair trial under the Sixth Amendment.  Because Plaintiff is a federal prisoner, these claims would properly be brought under <u>Bivens</u>.  The court finds, however, that Plaintiff fails to state any claims under <u>Bivens</u>.

The United States Supreme Court has held that <u>Bivens</u> claims cannot be maintained against federal agencies or private corporations.  <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994) (no <u>Bivens</u> claim against a federal agency); <u>Malesko</u>, 534 U.S. at 63 (no <u>Bivens</u> claim against a private corporation acting under color of federal law).  There is no implied private right of action, pursuant to <u>Bivens</u>, for damages against private entities that engaged in alleged constitutional deprivations while acting under color of federal law.  <u>Id.</u> at 61.  Moreover, only individuals can be sued under <u>Bivens</u>.  <u>Id</u>; <u>see</u> <u>also</u> <u>Bromfield v. McBurney</u>, 2008 WL 2746289 at *5 (W.D. Wash. 2008) (recognizing that "the Supreme Court's decision in <u>Malesko</u> expressly provides that for a <u>Bivens</u> remedy to be available, the defendant ... must be an individual").  Here, MTC is a

private corporation that contracted with BOP to operate TCI.  Therefore, Plaintiff cannot maintain a <u>Bivens</u> claim against MTC.

Plaintiff also fails to state a <u>Bivens</u> claim against any of TCI's individual employees. There is no <u>Bivens</u> remedy against employees of a private company that runs a federal facility. <u>Minneci v. Pollard</u>, 565 U.S. 118, 126 (2012) (finding no <u>Bivens</u> claim for an Eighth Amendment claim against privately employed prison guards at a federal prison).  As a general matter, "an employer's contract with the federal government does not render its employees federal for purposes of <u>Bivens</u> claims." <u>Goss v. United States</u>, 353 F.Supp.3d at 890; <u>Malesko</u>, 534 U.S. at 70-71.  TCI's employees are privately employed and are not federal employees for purposes of a <u>Bivens</u> claim.  Accordingly, TCI's employees may not be sued under <u>Bivens</u>.

Based on the foregoing, the court finds that Plaintiff fails to state any <u>Bivens</u> claims against any of the defendants named in the Second Amended Complaint.  In fact, the court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable <u>Bivens</u> claim.

**C.**     <u>**Federal Tort Claims Act**</u>

Under the Federal Tort Claims Act, "the district courts. . . have exclusive jurisdiction of civil actions on claims against the United States, for money damages. . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).

The federal court has jurisdiction to hear a plaintiff's FTCA claim only after the plaintiff has exhausted his claim by submitting it to the appropriate federal agency.  <u>Vacek v. U.S. Postal Serv.</u>, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 2675(a)). This claim exhaustion is a jurisdictional prerequisite to pursuing a tort claim against federal employees in a district court.  <u>Brady v. United States</u>, 211 F.3d 499 (9th Cir. 2000) (stating that a claimant under the Federal Tort Claims Act must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). "Because the requirement is jurisdictional, it must be strictly adhered

to.  Id.  A district court may dismiss a *pro se* complaint for failure to allege compliance with the FTCA's administrative exhaustion requirement if it clearly appears that the deficiency cannot be overcome by amendment.  Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

Here, Plaintiff has not alleged compliance with the FTCA's administrative exhaustion requirement.  Moreover, while the FTCA includes officers and employees of "any federal agency," it expressly excludes "any contractor with the United States," such as MTC.  28 US.C. § 2671.  Plaintiff may not pursue a tort claim under the FTCA against any of TCI's employees because they are not federal employees.  Furthermore, "[t]he United States is the only proper defendant in a [Federal Tort Claims Act] action," and Plaintiff has not named the United States as a defendant in this action.  Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (quoting Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)),  Therefore, Plaintiff fails to state a claim under the FTCA.  The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable FTCA claim.  Therefore, to the extent Plaintiff seeks to bring a claim under the FTCA, such claim must be dismissed.

### D.      **Breach of Contract**

Plaintiff alleges in the Second Amended Complaint that he brings a claim for breach of contract.  (ECF No. 18 at 19.)  Plaintiff has not alleged that any of the Doe Defendants are parties to the contract at issue.  This leaves MTC as the sole defendant for a breach of contract claim.

As set forth above, Plaintiff has submitted a copy of the contract for the court's review.  Under the federal common law of contracts before a third party can recover under a contract, it must show that the contract was made for its direct benefit, that it is an intended beneficiary of the contract.  16 Am. Jur. Proof of Facts 2d 55 (Originally published in 1978) (citing County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237 (9th Cir. 2009)).  The contents of the parties' contract is essential because without that information the court cannot determine whether Plaintiff is a third party beneficiary of the contract.  To state a claim for breach of contract, Plaintiff must show that he is a third party beneficiary of the contract.

**Third Party Beneficiary**

To recover under the contract at issue in this case based on a third party beneficiary status, Plaintiff must show that MTC and BOP entered into the contract with the intention of conferring a DIRECT benefit on Plaintiff, that he is an intended beneficiary, not just an incidental one.   As will be shown below, INMATES are not direct beneficiaries in circumstances as set forth here, rather they are merely subjects of the contract.  Here Plaintiff mentions, among others benefits , the following which he claims he is a direct beneficiary of:   proper evaluation for transfer to a halfway house, proper COVID evaluation for early release, permission to order computer software books, access to legal files by access to CD-ROMs, an update to TCI's electronic law library to include new BOP regulations, freedom from retaliation, a safe environment,  adequate programming and instruction-- all of which Plaintiff alleges are MTC's obligations under the contract with BOP.  <u>See</u> <u>Mathis v. GEO Group, Inc.</u>, No. 2:08-CT-21-D, 2009 WL 10736631, 2009 U.S. Dist. LEXIS 132301, *60-64 (E.D. N. Carolina 2009).  According to plaintiff, MTC has breached and continues to breach its contractual obligations to Plaintiff by failing to confer these and other benefits upon him.   Further, Plaintiff alleges that the alleged breach of contract has harmed him and warrants payment of monetary damages.  <u>Id.</u>  As set forth above, because the federal government is a party to the contract, federal law and common law control the interpretation of the contract.  <u>Id.</u> at 62-63 (citing <u>see</u>, <u>e.g.</u>, <u>United States v. Seckinger</u>, 397 U.S. 203, 209-10, 90 S. Ct. 880, 25 L. Ed. 2d 224 (1970); <u>Funeral Fin. Sys. v. United States</u>, 234 F.3d 1015, 1018 (7th Cir. 2000))'; 48 CFR, sec 52.233-4.  Nothing in the record indicates the presence of a provision in the contract opting for a different choice of law.  <u>See id.</u> at 63-64 (quotations omitted).

Plaintiff bears an "exceptional" burden to prove that he, a nonsignatory to the federal government contract, is entitled to recover for an alleged breach of the government contract between the BOP and MTC under a third-party beneficiary theory.  <u>Id.</u> at 63 (quoting <u>see</u>, <u>e.g.</u>, <u>German Alliance Ins. Co. v. Home Water Supply Co.</u>, 226 U.S. 220, 230, 33 S. Ct. 32, 57 L. Ed. 195 (1912); <u>Sec'y of State for Def. v. Trimble Navigation Ltd.</u>, 484 F.3d 700, 706 (4th Cir. 2007)).  "In order to prove third-party beneficiary status, a party must demonstrate that the contract not only reflects the express or implied intention to benefit the party, but that it reflects

the intention to benefit the party directly." Id. (quoting Flexfab. L.L.C. v. United States, 424 F.3d 1254, 1259 (Fed. Cir. 2005)).

Given that the United States enters thousands of government contracts per year totaling more than a billion dollars, third-party beneficiary status is particularly difficult to prove in connection with a federal government contract. Id. at 63-64 (citing see, e.g., Trimble Navigation Ltd., 484 F.3d at 706; Flexfab L.L.C., 424 F.3d at 1260-63; Anderson v. United States, 344 F.3d 1343, 1352 (Fed. Cir. 2003)). "[F]or third-party beneficiary status to lie, the contracting officer must be put on notice, by either the contract language or the attendant circumstances, of the relationship between prime contractor and the third-party . . . so that an intent to benefit the third party is fairly attributable to the contracting officer." Id. at 64 (quoting Flexfab L.L.C., 424 F.3d at 1263; see Alpine County v. United States, 417 F.3d 1366, 1368-69 (Fed. Cir. 2005)). Parties that benefit from a federal government contract are generally assumed to be INCIDENTAL beneficiaries and so may not enforce the contract absent clear intent to the contrary (see, County of Santa Clara v. Astra, 588 F.3d 1237). This "clear intent" hurdle is not satisfied by a contract's recitation of interested constituencies; even a showing that the contract operates to the third parties benefit and was entered into with them in mind still does not satisfy the clear intent hurdle (see, Astra, supra). Third party beneficiary status is exceptional in the law and should not be granted liberally, thus courts must take a stringent approach to recognizing such exceptional status. (see, S.B. v Wilson, 2021 US Dist Lexis 188514; Flexfab supra; Hencely v. Fluor Corp. 2021 US Dist Lexis 152834). Importantly, numerous cases have declined to confer third party beneficiary status on inmates housed in private contract facilities (see, Mathis v. GEO Group, Inc. 2009 US Dist. Lexis 132301).

**Discussion**

Plaintiff has not demonstrated that he is a third-party beneficiary of the contract between BOP and MTC. He fails to identify any specific provision in the contract that indicates he is a third-party beneficiary, that the BOP or MTC entered into the contract intending to confer a benefit directly upon Plaintiff. Plaintiff has not satisfied his "exceptional" burden to prove that he is entitled to recover for breach of the contract as a third-party beneficiary. Although arguably

an inquiry and decision on third party status at this early screening stage is premature, in this instance it is not.  Plaintiff has attached the most relevant document to this inquiry, namely the contract itself (with some redactions) between the BOP and MTC (see, Hencely, supra).  Further, it is not hard to imagine that the intent behind the underlying statutory scheme which authorizes contracts between the BOP and private contractors to house federal prisoners, would not be greatly frustrated if third party beneficiary status were allowed to run to the direct benefit of prisoners housed at such facilities.   (see, Hencely, supra; Mathis, supra; Trimble 484 F.3d at 706-07; S.B. v Wilson, supra).  Moreover, it would logically act as a substantial deterrence to the ability of the BOP to obtain private contractors to enter into contracts for the housing of federal prisoners if as a result of doing so they would necessarily and immediately make themselves directly available to potentially hundreds of lawsuits brought by prisoners under their control.

Finally, Plaintiff cites these cases in support of his argument:  Corr. Servs. v. Malesko 534 US 61 (2001) and Miller v. Corrections Corporation of America, 239 Fed. Appx. 396 (9th Cir. 2007) (following Rathke v. Corrections Corporation of America, 153 P.3d 303, 310 (Alaska 2007).

In Malesko, the U.S. Supreme Court held that there is no implied right of action, pursuant to Bivens, for damages against private entities, such as MTC, that engaged in alleged constitutional deprivations while action under color of federal law.  534 US at 71.  Plaintiff argues that Malesko allows prisoners housed in private facilities to sue defendants for negligence.  Even if true, Malesko is distinguishable from Hand's case because Hand is proceeding with a breach of contract claim, not a negligence claim.

In Miller, the Ninth Circuit remanded the case to the district court of Alaska to consider whether prisoners housed in a private facility in Alaska were intended beneficiaries of a contract between Corrections Corporation of America (CCA) and the state of Alaska.  The Alaska Supreme Court had earlier affirmed in Rathke that Alaska inmates were intended beneficiaries by virtue of the final settlement agreement (FSA) in Cleary v. Smith,[2] which was incorporated

---

[2] Cleary v. Smith, No. 3AN-81-5274 (Alaska Super. Sept. 21, 1990).

into the contract between CCA and the state of Alaska.  These cases are not applicable here. Plaintiff's case here is based on a federal contract between the BOP and MTC, whereas Rathke and Miller's cases are based on an agreement between CCA and the state of Alaska, which importantly incorporated the FSA in Cleary into the contract itself.

Therefore, based on the foregoing, Plaintiff has failed to demonstrate that he is a third-party beneficiary of the contract between the BOP and MTC, and thus Plaintiff's breach of contract claim should be dismissed along with dismissing the case in its entirely, with prejudice, for failure to state a claim.

## VI.    CONCLUSION, ORDER, AND RECOMMENDATIONS

Based on the foregoing, the court finds that Plaintiff fails to state a claim in the Second Amended Complaint upon which relief may be granted.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." However, the Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court, and the court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### ORDER

 **IT IS HEREBY ORDERED** that the Clerk of Court randomly assign a United States District Judge to this case.

and

### RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.      This case be dismissed, with prejudice, for Plaintiff's failure to state a claim; and

2.      The Clerk be directed to close this case.

14

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 11, 2022**                             **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE

15