1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

JEHU HAND,

12              Plaintiff,

13       vs.

14   MANAGEMENT AND TRAINING
     CORPORATION, et al.,
15
16              Defendants.

17

**1:20-cv-00819-JLT-GSA (PC)**

**ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS IN FULL
(Doc. 20.)**

**ORDER DISMISSING CASE, WITH
PREJUDICE, FOR FAILURE TO STATE
A CLAIM
(Doc. 18.)**

18       On February 11, 2022, the assigned Magistrate Judge made findings and

19   recommendations that this case be dismissed with prejudice based on Plaintiff's failure to state

20   a claim upon which relief may be granted.  (Doc. 20.)  On February 25, 2022, Plaintiff filed

21   objections to the findings and recommendations.  (Doc. 21.)

22       In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this

23   court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,

24   including Plaintiff's objections, the court finds the findings and recommendations to be

25   supported by the record and proper analysis.  Plaintiff's objections do not call into question the

26   reasoning provided in the findings and recommendations, which correctly conclude, among

27   other things, that screening is appropriate in this case because Plaintiff is proceeding *in forma*

28   *pauperis*; a private prison contractor cannot be sued under *Bivens*; and that Plaintiff cannot

proceed with his breach of contract claim related to the contract between the Bureau of Prisons and Defendant because courts refuse to confer third party beneficiary status on inmates housed in private contract facilities.  Finally, contrary to Plaintiff's suggestion in his objections (*see* Doc. No. 21 at 3), these rules do not leave inmates in private prisons without remedies.  *See Peters v. Hollie*, No. 1:- -CV-01230-LJO-EPG (PC), 2019 WL 1556661, at *7 (E.D. Cal. Apr. 10, 2019) (explaining that in California state tort law provides remedies for individuals incarcerated in private prisons) (citing *Minneci v. Pollar.*, 565 U.S. 118 (2012)).  Accordingly, the Court **ORDERS**:

1.  The findings and recommendations issued February 11, 2022, (Doc. 20), are adopted in full.

2.  This action is dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted; and

3.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 7, 2022**

UNITED STATES DISTRICT JUDGE